# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00042-GCM

| | |
|---|---|
| REBECCA WOOD,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on cross-motions for summary judgment by Plaintiff Rebecca Wood (ECF No. 15) and the Acting Commissioner of the Social Security Administration, Kilolo Kijakazi (ECF No. 17). Plaintiff filed a response to the Acting Commissioner's motion. *See* ECF No. 20. The matter is now ripe for disposition. For reasons explained in more detail below, the Court will grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and reverse the decision of the Commissioner.

## I. BACKGROUND

### a. Factual Background

Rebecca Wood is a 45-year-old woman. A.R. 26.[1] She applied for disability insurance benefits under Title II of the Social Security Act on November 18, 2014, alleging a disability that began on the same date. A.R. 403. Her application was denied initially and on reconsideration. A.R. 134, 162. Wood sought and obtained a hearing. The ALJ denied benefits, but the Appeals Council remanded the case for a new hearing on constitutional grounds. A.R. 181, 189.

---

[1] Citations to A.R.__ are to the Administrative Record, found at ECF No. 10.

An administrative law judge (ALJ) convened a second hearing by telephone on June 29, 2020. A.R. 15. The ALJ issued her decision on July 21, 2020, concluding that Wood was not disabled within the meaning of the Social Security Act. A.R. 28. The ALJ found that Wood had severe impairments, including degenerative disk disease. A.R. 17. But she found that other impairments, like depression, anxiety, and migraine headaches, were not "severe" under the Social Security Administration's regulations. A.R. 18. The ALJ concluded that Wood's functional limitations did not preclude her from performing competitive work. A.R. 26–28.

Wood petitioned the Appeals Council for review. After the Appeals Council refused relief, Wood sought judicial review in this Court pursuant to 42 U.S.C. § 405(g). A.R. 1; ECF No. 1.

### b. The Five-Step Disability Process

The Social Security Administration utilizes a five-step process in determining whether a claimant is disabled within the meaning of the Social Security Act. First, the Commissioner determines whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i) (2022). Next, the Commissioner determines whether the claimant has an impairment that is severe, either alone or in combination. *See id.* § 404.1520(a)(4)(ii). At Step Three, the Commissioner considers whether those impairments are sufficiently severe to qualify automatically for disability under the so-called "Listings." *See id.* § 404.1520(a)(4)(iii). If not, the Commissioner determines the claimant's "residual functional capacity" (RFC), which is defined as "the most [the claimant] can still do despite [his or her] limitations." *Id*. § 404.1545. Using this RFC at Step Four, the Commissioner determines whether the claimant can still perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If not, the Commissioner considers at Step Five whether the claimant can perform other work. *Id*. § 404.1520(a)(4)(v).

## II. STANDARD OF REVIEW

2

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

## III. DISCUSSION

Wood raises three arguments on appeal. First, she argues that the ALJ misstated the evidence in concluding that her depression and anxiety were not severe impairments. Next, she argues that the ALJ improperly assigned an RFC. Finally, Wood argues that her hearing was defective because the Commissioner of Social Security enjoys unconstitutional tenure protections. Because the Court agrees with Wood's second argument, the discussion begins and ends there.[2]

Wood attacks the validity of her RFC on a number of fronts. Among other things, Wood argues that the ALJ failed to properly assess opinion evidence in formulating her RFC. *See* ECF No. 16 at 9–11. Because this claim was filed before March 27, 2017,[3] it is governed by the so-

---

[2] The constitutional avoidance doctrine instructs that federal courts should avoid rendering constitutional rulings unless absolutely necessary. *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 157 (4th Cir. 2010). Because remand is necessitated on other grounds, the Court needs not address the argument.

[3] The Social Security Administration promulgated a regulation for claims filed on or after March 27, 2017, which employs a different method for assessing medical opinions. *See* 20 C.F.R. § 404.1520c.

3

called "treating physician rule," which requires ALJs to give "controlling weight" to the opinions of treating physicians if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with other substantial evidence in the case record." *Dowling*, 986 F.3d at 384 & n.8 (citing 20 C.F.R. § 404.1527). The rule is a "robust one": "The opinion of a claimant's treating physician must be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Arakas v. Commissioner*, 983 F.3d 83, 107 (4th Cir. 2020) (cleaned up).

If an ALJ determines that opinion evidence is not entitled to controlling weight, the analysis does not end there. Instead, the ALJ must consider each of six factors in determining the proper weight to afford the opinion: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialty; and (6) any other factors raised by the parties. *Dowling*, 986 F.3d at 384–85; 20 C.F.R. § 404.1527(c) ("[W]e consider **all** of the following factors in deciding the weight we give to any medical opinion.") (emphasis added).

The ALJ failed to apply this standard. Consider her discussion of the opinions of Dr. David Layne, a primary care provider who treated Wood for years. *See* A.R. 24. Layne noted functional limitations related to Wood's back pain, and opined that Wood was unable to work. The ALJ briefly summarized Dr. Layne's opinions, and wrote: "Although Dr. Layne had a long treating relationship with the claimant, as a primary care provider and not [a] specialist in neurosurgery or physical rehabilitation, his opinions are given little weight. Further, he is not an expert in the terms and regulations regarding disability." *Id*.

Dr. Layne also provided a mental residual functional capacity assessment. A.R. 1189–90. The ALJ described the results of the assessment, and added: "Although [a] treating source[], the

4

undersigned finds that the longitudinal record does not support these opinions." A.R. 25. The ALJ went on to list a few treatment notes that, in her view, contradicted Layne's opinions. *Id*. She concluded: "Dr. Layne's opinions are given no weight." *Id*.

This conclusory analysis falls short of what the regulations require. As a starting matter, the ALJ does not explain why Dr. Layne's opinions were not entitled to *controlling* weight. She appears to have discounted Dr. Layne's first set of opinions because the doctor was a primary care provider, and not a "specialist in neurosurgery or physical rehabilitation." A.R. 24. But under the treating physician rule, Dr. Layne's opinion should have been controlling as long as it was "well-supported" and "not inconsistent with other substantial evidence." *Dowling*, 986 F.3d at 384.

Even if it was appropriate not to ascribe controlling weight to Dr. Layne's opinions, the ALJ failed to adequately consider the six factors outlined in 20 C.F.R. § 404.1527. To be sure, an ALJ need not "set forth a detailed factor-by-factor analysis." *Id*. at 385. Nevertheless, it must "be apparent from the ALJ's decision that [the ALJ] meaningfully considered *each* of the factors before deciding how much weight to give the opinion." *Id*. Here, the Court is unable to conclude that the ALJ meaningfully considered the six factors before disregarding Dr. Layne's opinions. Because the ALJ failed to apply the correct standard to the opinion evidence, substantial evidence does not support the ALJ's decision. *See Arakas*, 983 F.3d at 107–08. The Court will accordingly remand this case back to the Commissioner.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**. The decision of the Commissioner is **REVERSED**, and the matter is **REMANDED** for a new

hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). The Clerk is respectfully directed to send copies of this Memorandum and Order to counsel for the parties.

    **SO ORDERED**.

Signed: July 11, 2022

Graham C. Mullen
United States District Judge